1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

E-filing

**FILED**

MAY 0 2 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KENNETH TRASK,

    Plaintiff(s),

    v.

JIM HAMLET, et al.,

    Defendant(s).

)
)
)
)
)
)
)
)
)
)

No. C 05-2629 TEH (PR)

ORDER OF SERVICE OF
FIRST AMENDED
COMPLAINT AND
INSTRUCTIONS TO THE
CLERK

(Docket No. 12)

Plaintiff, a prisoner at the Correctional Training Facility in Soledad, California ("CTF"), has filed a pro se civil rights complaint under 42 U.S.C. § 1983 and 28 U.S.C. § 1367 alleging deprivation of his First Amendment right to free exercise of his religion, Shi'a Islam, and various related state law claims. Plaintiff specifically alleges that prison officials impermissibly burdened the practice of his religion by failing to provide him with an adequate religious diet, a religious leader and space to hold regular Shi'a services and by the prison grooming policy which does not allow Plaintiff to wear a beard.

On December 14, 2005, the Court ordered service of the complaint on Defendants Amaya, Jannah, Lockwood, Baker, Solis, Raso, Cohen, Summerset and Grannis (docket no. 5). Thereafter, the United States Marshall apparently

1    effected service only on Defendant Grannis (docket no. 10). Defendant Grannis

2    has appeared. However, other than a response from the Department of

3    Corrections and Rehabilitation regarding two Defendants, Summerset and

4    Lockwood, who are unknown and retired respectively, summonses issued to the

5    other Defendants have not been returned.

6        Since the order of service, Plaintiff has filed an amended complaint

7    (docket no. 9). Defendant has requested that this Court review the amended

8    complaint pursuant to 28 U.S.C. § 1915A. After this Court's review of the

9    amended complaint, service of the amended complaint is now ordered on

10   Defendants Amaya, Jannah, Baker, Solis, Raso, Cohen, Hill and Kane, as set

11   forth below.

12       As to Defendant Summerset, Plaintiff is directed to provide any additional

13   identifying information he can provide the Court within one hundred twenty

14   (120) days, including the first initial and proper spelling of Defendant's name so

15   that Summerset may be served.[1] Failure to provide the Court with sufficient

16   information by which Defendant Summerset can be served will result in his

17   dismissal from this action without prejudice.

18                          **DISCUSSION**

19   A.    Standard of Review

20       Federal courts must engage in a preliminary screening of cases in which

21   prisoners seek redress from a governmental entity or officer or employee of a

22   governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

23   claims or dismiss the complaint, or any portion of the complaint, if the complaint

24   "is frivolous, malicious, or fails to state a claim upon which relief may be

25

26       [1]The parties were previously granted the ability to engage in discovery without
27   further Court order.

28                             2

1  granted," or "seeks monetary relief from a defendant who is immune from such

2  relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however.

3  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

4      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

5  elements: (1) that a right secured by the Constitution or laws of the United States

6  was violated, and (2) that the alleged violation was committed by a person acting

7  under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

8  B.    Legal Claims

9      In order to establish a free exercise violation, a prisoner must show the

10  defendants burdened the practice of his religion by preventing him from engaging

11  in conduct mandated by his faith without any justification reasonably related to

12  legitimate penological interests. See Freeman v. Arpaio, 125 F.3d 732, 736 (9th

13  Cir. 1997). Liberally construed, plaintiff's allegations state a cognizable § 1983

14  First Amendment claim, and related state law claims, against the named

15  Defendants and will be served.

16                            **CONCLUSION**

17      For the foregoing reasons and for good cause shown,

18      1.    With regard to service of the amended complaint, the Court orders

19  as follows:

20          a.    The Clerk shall separately issue summons and the United

21  States Marshal shall serve, without prepayment of fees, copies of the amended

22  complaint (docket no. 9) in this matter, all attachments thereto, and copies of this

23  order on each of the following defendants: A. O. Amaya (food manager, CTF),

24  Antar Jannah (Muslim chaplain, CTF), Pat Baker (chief deputy warden, CTF), J.

25  R. Solis (former acting warden, CTF), V. Raso (business manager, CTF), W. A.

26  Cohen (associate warden, CTF), W. Hill (associate warden, CTF), A.P. Kane,

27

28                                3

1  (Acting Warden, CTF). The Clerk also shall serve a copy on Defendant's
2  Counsel and a copy of this order only on Plaintiff. Each summons must be sent
3  separately to each Defendant at CTF.

4  b. As to Defendant Lockwood, who has apparently retired, the
5  Clerk shall mail an address inquiry letter to: Staff Attorney, Legal Affairs
6  Division, California Department of Corrections, 1515 K Street, Sacramento, CA
7  95815. The letter shall ask for a forwarding address for Defendant Lockwood to
8  be provided to the Court under seal so that the Court can then order the USM to
9  attempt to serve the complaint on Defendant Lockwood.

10  2. In order to expedite the resolution of this case, the court orders as
11  follows:

12  a. No later than 90 days from the date of this order, defendants
13  shall file a motion for summary judgment or other dispositive motion. A motion
14  for summary judgment shall be supported by adequate factual documentation and
15  shall conform in all respects to Federal Rule of Civil Procedure 56, and shall
16  include as exhibits all records and incident reports stemming from the events at
17  issue. If defendants are of the opinion that this case cannot be resolved by
18  summary judgment or other dispositive motion, they shall so inform the court
19  prior to the date their motion is due. All papers filed with the court shall be
20  served promptly on plaintiff.

21  b. Plaintiff's opposition to the dispositive motion shall be filed
22  with the court and served upon defendants no later than 30 days after defendants
23  serve plaintiff with the motion.

24  c. Plaintiff is advised that a motion for summary judgment
25  under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your
26  case. Rule 56 tells you what you must do in order to oppose a motion for
27
28  4

1  summary judgment.  Generally, summary judgment must be granted when there is

2  no genuine issue of material fact--that is, if there is no real dispute about any fact

3  that would affect the result of your case, the party who asked for summary

4  judgment is entitled to judgment as a matter of law, which will end your case.

5  When a party you are suing makes a motion for summary judgment that is

6  properly supported by declarations (or other sworn testimony), you cannot simply

7  rely on what your complaint says.  Instead, you must set out specific facts in

8  declarations, depositions, answers to interrogatories, or authenticated documents,

9  as provided in Rule 56(e), that contradicts the facts shown in the defendant's

10  declarations and documents and show that there is a genuine issue of material

11  fact for trial.  If you do not submit your own evidence in opposition, summary

12  judgment, if appropriate, may be entered against you.  If summary judgment is

13  granted, your case will be dismissed and there will be no trial.  <u>Rand v. Rowland</u>,

14  154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

15      Plaintiff is also advised that a motion to dismiss for failure to exhaust

16  administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your

17  case, albeit without prejudice.  You must "develop a record" and present it in

18  your opposition in order to dispute any "factual record" presented by the

19  defendants in their motion to dismiss.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120

20  n.14 (9th Cir. 2003).

21      d.      Defendants shall file a reply brief within 15 days of the date

22  on which plaintiff serves them with the opposition.

23      e.      The motion shall be deemed submitted as of the date the

24  reply brief is due.  No hearing will be held on the motion unless the court so

25  orders at a later date.

26      3.      Discovery may be taken in accordance with the Federal Rules of

27

28                                5

1  Civil Procedure. No further court order is required before the parties may
2  conduct discovery.

3      4.    All communications by Plaintiff with the court must be served on
4  defendants, or defendants' counsel once counsel has been designated, by mailing
5  a true copy of the document to defendants or defendants' counsel.

6      5.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must
7  keep the court and all parties informed of any change of address and must comply
8  with the court's orders in a timely fashion. Failure to do so may result in the
9  dismissal of this action under Federal Rule of Civil Procedure 41(b).

10 SO ORDERED.

11 DATED: 5/2/06

THELTON E. HENDERSON
12 United States District Judge

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28                                6